IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IVAN DIAZ-CARRASQUILLO,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO GARCIA PADILLA, et al.,<br><br>Defendants. | Civil No. 13-1646 (DRD) |

**OPINION AND ORDER**

Pending before the Court is Defendants' *Motion for Reconsideration Under Rule 59(e)* (Docket No. 131) arguing, *inter alias*, that the Court committed a manifest error of law by opting to dismiss without prejudice Plaintiff Ivan Díaz-Carrasquillo's ("Plaintiff") claims on purported abstention grounds. For the foregoing reasons, Defendants' motion is summarily **DENIED**.

I. **RELEVANT PROCEDURAL BACKGROUND**[1]

---

[1]  On October 1, 2013, the Court entered a Second Amended Opinion and Order (Docket No. 75) granting Plaintiff Iván Díaz-Carrasquillo's request for a preliminary injunction. The Court, recognizing that state law was unclear on several issues, also certified four critical questions to the Supreme Court of Puerto Rico and stayed all further proceedings until said questions were answered. On October 3, 2013, a transmittal letter was sent to the Puerto Rico Supreme Court (Docket No. 76). On October 18, 2013, the Puerto Rico Supreme Court issued a Writ of Certification (Docket No. 89-2). On October 24, 2013, the First Circuit Court of Appeals' record was supplemented to show that the Supreme Court had accepted this Court's certification request. *See* Docket No. 90.
    Notwithstanding, the First Circuit entered its opinion on April 16, 2014, approximately nine weeks before the P.R. Supreme Court emitted its decision. Hence, the First Circuit Court of Appeals did not stay its hand, much to the dismay of Associate Justice Rafael L. Martínez Torres, who filed

1

On June 19, 2014, the Supreme Court of Puerto Rico emitted its *Opinion* (Docket Nos. 103 and 109-1) pursuant to the petition for Inter-jurisdiction Certification requested by this Court. Therein, the Supreme Court of Puerto Rico, the highest interpreters of Puerto Rico state law, concluded that Plaintiff Ivan Díaz Carrasquillo "has a proprietary interest throughout the duration of his appointment," thereby signifying that he may only be removed from his position solely for the causes of removal established by law. *See* Docket No. 190-1, at 1. The Supreme Court further held that the Doctrine of Legislative Immunity cannot limit the proprietary right to which the Plaintiff is entitled to under the laws of Puerto Rico and stressed that "when the Legislative Assembly eliminated a position and created another one with a different name, but maintains the rights and obligations of the former, the official who holds it does not lose the proprietary interest of said position." *Id.* at 1-2.

The Supreme Court emphasized that the Plaintiff's position, as determined by this Court, is neither quasi-legislative or

---

a concurring opinion in the case before the Supreme Court of Puerto Rico. *See* Docket No. 103-4 (emphasizing that cooperation amongst brother jurisdictions was dissipated in the case at bar and stressing that judicial deference amongst jurisdictions constitutes a two-way avenue). Therein, Justice Martínez Torres stresses that "[s]peculation by a federal court about the meaning of a state statute in the absence of prior state court adjudication is particularly gratuitous when . . . the state courts stand willing to address questions of state law on certification from federal court." *Id.* (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 79 (1997))(internal quotations omitted).

quasi-judicial but rather one involving hybrid functions, meaning that the "Governor may be required to prove just cause for his removal," an important aspect lacking from the Legislative Assembly's removal of the Plaintiff. *Id.* at 17.

Further, the Supreme Court was unpersuaded by Defendants' argument that the Advocate for Persons with Disabilities position was lawfully abolished when the Legislative Assembly passed Law No. 75-2013 and Law No. 78-2013. According to Defendants, the Puerto Rico Legislature was intent on restructuring the "offices of the various ombudsmen who provide for and protect the rights of the veterans, the elderly, health, and the people with disabilities," with the goal of operating these offices independently from the Office of the Administration of the Ombudsmen. Docket No. 99, at 4. The Supreme Court essentially concluded that the restructuring plan, which created a new position almost identical to the one held by Plaintiff, did not abolish Plaintiff's position and, thus, a just cause determination had to be made before removal was lawful. *See* Docket No. 109-1, at 28—32. Hence, Plaintiff "could only be removed after being given notice and a hearing for having been negligent in the performance of his functions,

having failed to comply with his duty or having engaged in improper conduct." *Id.* at 28.[2]

On December 15, 2014, the Court entered an *Opinion and Order* (Docket No. 127) staying the case for ten (10) business days to give Plaintiff Iván Díaz-Carrasquillo an opportunity to file suit in state court. The Court held that a federal case was no longer necessary as a result of the Puerto Rico Supreme Court decision, and emphasized that it did not want to create any potential discord or lack of comity between state and federal courts. The Court reasoned that, following the Puerto Rico Supreme Court's decision on June 19, 2014, Plaintiff had an adequate remedy at law in a more appropriate forum, stressing that federal courts must stay their hand in cases of this nature.

On January 9, 2015, Plaintiff filed a *Motion In Compliance With Order* (Docket No. 130) indicating that it had filed a complaint seeking injunctive relief before the Superior Court of San Juan (Civil Case No. 2015-0002).[3] Plaintiff also requested

---

[2] The Supreme Court of Puerto Rico emphasized that the role of the Advocate for Persons with Disabilities is not only to scrutinize and optimize the services offered to persons with disabilities, but also to investigate and process private and public agencies who violate the rights of persons with disabilities. Docket No. 109-1, at 27. The Legislative Assembly found the Advocate's role to be so essential that it "issued the position a term of ten (10) years, so that the Advocate could exercise his functions without the pressure and political swings that affect the positions that are circumscribed to the term of appointment of a governor." *Id.* at 28.

[3] On December 30, 2014, the Court granted Plaintiff's request for a brief extension of time to file the state complaint. *See* Docket No. 129.

4

that the stay remain in place for an additional thirty (30) days.

On January 12, 2015, Defendants filed a *Motion for Reconsideration Under Rule 59(e)* (Docket No. 131) arguing that the Court committed a manifest error of law in opting to relinquish its jurisdiction to the state courts. Hence, Defendants request that the Court decide its renewed motion to dismiss on the merits and enter judgment in its favor dismissing with prejudice the instant complaint.

On January 29, 2015, the Court granted Plaintiff until March 2, 2015 to respond to Defendants' motion. *See* Docket No. 134.

On March 3, 2015, Defendants filed a *Motion Requesting Entry of Judgment* (Docket No. 135) and a *Motion to Clarify* (Docket No. 136). In essence, Defendants requested that their motion for reconsideration be deemed unopposed, and urged the Court to enter judgment on its behalf.

On March 3, 2015, Plaintiff filed another *Motion for Extension of Time* (Docket No. 137) until March 9, 2015 to file its reply.

On March 4, 2015, Defendants opposed said request. The Court agreed, and denied Plaintiff's request for additional time. *See* Docket No. 138 and 139.

5

Notwithstanding, on March 9, 2015, Plaintiff filed its response (Docket No. 140) in opposition to the pending motion for reconsideration. Unsurprisingly, Defendants filed a motion (Docket No. 141) seeking to strike Plaintiff's response and requesting the Court decide the motion for reconsideration in its favor.[4]

On April 1, 2015, the First Circuit Court of Appeals entered its *Opinion* in *Montañez-Allman v. García-Padilla*, Civil Case No. 13-1683 (PG). *See Montañez-Allman v. García-Padilla*, 782 F.3d 42, 2015 WL 1455141 (1st Cir. 2015).[5] The *Montañez-Allman* plaintiff was the former veteran's ombudsman, one of the four individuals removed from their position as a result of Law 75-2013 ("Law 75"). In its opinion, the Court noted that its decision in *Díaz-Carrasquillo v. García-Padilla*, 750 F.3d 7 (1st Cir. 2014), was undertaken before the Puerto Rico Supreme Court decision issued on June 19, 2014. As a result of the decision undertaken by the Puerto Rico Supreme Court, the First Circuit remanded the case to the district court with instructions to vacate the preliminary injunction within thirty days in order to

---

[4]  The Court agrees with Defendants that Plaintiff's response in opposition at Docket No. 140 was untimely. The Court had granted Plaintiff until March 2, 2015 to file its motion and denied its request for a further extension of time. Hence, Defendants' motion at Docket No. 141 is hereby granted in part and denied in part. Specifically, Defendants' request to strike Docket No. 140 is granted, but its request for the entry of judgment in its favor is denied.

[5]  The Court, hereinafter, uses the Westlaw citation, as the pages on the Federal Reporter, Third Series, have not yet been identified.

6

provide plaintiff time to file suit and seek an injunction in state court.  In so holding, the First Circuit cited this Court *Opinion and Order* in the instant case dated December 15, 2014, emphasizing that comity concerns weighed in favor of dismissing plaintiff's injunctive request without prejudice.

The First Circuit, citing *El Dia, Inc. v. Hernandez Colon*, 963 F.2d 488 (1st Cir. 1992), further stressed that the plaintiff would not suffer irreparable injury if denied federal equitable relief, as there is an equivalent remedy available in state court.  Hence, "[s]imply because an equitable remedy may be available does not necessarily mean that it must automatically issue."  *Montañez-Allman*, 2015 WL 1455141 at *3 (citing *El Dia*, 963 F.2d at 4970).

## II.   ANALYSIS

It is well recognized that "[a] motion for reconsideration . . . certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." *Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15-16 (1st Cir. 2006).  Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters previously adjudicated. *See Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc.*, 189 F.R.D. 202, n. 4 (D.P.R. 1999).

7

Motions for reconsideration are entertained by courts if they seek to correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law.  *See Prescott v. Higgins*, 538 F.3d 32, 45 (1st Cir. 2008); *see also Rivera Surillo & Co. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir. 1994)(citing *F.D.I.C. Ins. Co. v. World University, Inc.*, 978 F.3d 10, 16 (1st Cir. 1992)).  A motion for reconsideration is unavailable if said request simply brings forth a point of disagreement between the court and the litigant, or rehashes matters already properly disposed of by the Court.  *See e.g.*, *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310 (M.D. Pa. 1994).

In the case at bar, Defendants' motion merely brings forth a point of disagreement between the Court and the losing party, failing to set forth any new evidence, showing a manifest error of law or fact, or demonstrating a change in law.  We briefly explain.

The thrust of Defendants' argument in support of reconsideration is that the Court committed a manifest error of law by dismissing Plaintiff's causes of action without prejudice in order for state courts to adjudicate over the instant proceedings.  This argument was quickly put to rest by the First Circuit Court of Appeals, who adopted this Court's approach in *Montañez-Allman*, supra, noting, on several occasions, that the

8

factual and legal scenarios presented in *Montañez-Allman* are almost identical to the ones presented here.

For starters, the First Circuit stressed that it need not decide whether the Puerto Rico Supreme Court's opinion was binding or merely advisory, "because, in either case, it provides persuasive authority of how the Puerto Rico Supreme Court would likely decide the issue." *Montañez-Allman*, 2015 WL 1455141 at *3 (citing *United States v. Lewko*, 269 F.3d 64, 66 (1st Cir. 2001) and *Blinzler v. Marriott Int'l, Inc.*, 81 F.3d 1148, 1151 (1st Cir. 1996)).[6] It thus relied on the Puerto Rico Supreme Court's determination that Plaintiff Díaz-Carrasquillo had a proprietary interest in his ombudsman position in concluding that Agustin Montañez-Allman had an adequate remedy in state court.

In the *Montañez-Allman* opinion, the First Circuit based its decision in large part on comity grounds, accentuating that federal courts shall not issue injunctions "against officers of a State . . . unless in a case reasonably free from doubt when necessary to prevent great and irreparable injury." *Id*. (quoting *Mass. State Grange v. Benton*, 272 U.S. 525, 527-29 (1926)). The Court further explained that Agustin Montañez-Allman would not suffer irreparable injury if denied federal

---

[6] The Court strenuously believes that the Puerto Rico Supreme Court's opinion is not merely persuasive, but rather binding authority as to all state law issues.

9

injunctive relief in light of the relief now available in Puerto Rico under *Díaz-Carrasquillo*. *Id.*

As we previously explained, federal courts may exercise wide discretion in restraining their authority to avoid needless friction with state policies. *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941). The goals of comity and federalism will thus be better served if the Court defers ruling on the instant case, particularly given the immense importance of this case to the Commonwealth's own constitutional balance of powers and the relief now available to Plaintiff in state court. Therefore, in cases such as this, where a plaintiff has an adequate remedy at law in a more appropriate forum, "denial of a federal anodyne would [work] no irreparable injury." *El Dia, Inc.*, 963 F.2d at 498 ("Federal courts should not rush to judgment when declaratory relief would produce 'uncoordinated and unnecessarily disruptive adjudications of disputes in which state and federal issues are intertwined.'")(quoting *Geni-Chlor Int'l, Inc. v. Multisonics Dev. Corp.*, 580 F.2d 981, 985 (9th Cir. 1978)). Further, a federal court should not grant federal declaratory relief in cases when the moving party has an adequate remedy at law in the state forum. *Id.* at 497 ("Simply because an equitable remedy may be available does not necessarily mean that it must automatically issue.")(internal citations omitted).

10

Additionally, should Plaintiff prevail, the remedy sought under federal law becomes absolutely moot. Plaintiff Díaz-Carrasquillo's original complaint requested monetary damages under the First Amendment for political discrimination, which the District Court asked Plaintiff to dismiss without prejudice.[7] Plaintiff agreed with the Court's recommendation, and filed an amended complaint withdrawing all monetary requests without prejudice. The First Amendment and the consequential potential damages have thus disappeared from the complaint, as well as the necessity to conduct a jury trial, as the only the equitable remedy of injunctive relief based on due process, which has already been decided in Plaintiff's favor, remains. Hence, unlike the plaintiff in *Montañez-Allman*, injunctive relief is the only remedy available to Plaintiff Díaz-Carrasquillo in the case at bar, and that issue has already been decided in Plaintiff's favor under local law. Furthermore, Defendants have not yet answered the complaint. As such, all state and federal causes of actions are reasonably dismissed without prejudice once the Court dismisses the federal causes of action. *See Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1176 (1st Cir. 1995)(finding that dismissal of supplemental state actions without prejudice is appropriate where there is an "unfavorable

---

[7] The Court was under the impression that a due process violation constituted a faster remedy, as Plaintiff's position was for a specific term of ten years, identical to the term established by prior and current legislation.

11

disposition of a plaintiff's federal claims" before trial); *Figueroa v. Alejandro*, 597 F.3d 423, 431 n.10 (1st Cir. 2010)(quoting 28 U.S.C. § 1367(c)(3)).

According, in light of the holding in *Montañez-Allman*, Defendants' contention that the Court committed a manifest error of law in its *Opinion and Order* (Docket No. 127) must fail.

### III.    CONCLUSION

For the aforementioned reasons, Defendants' *Motion for Reconsideration Under Rule 59(e)* (Docket No. 131) is hereby **DENIED**.  The instant case shall continue, without further delay, in state court.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 30th day of April, 2015.

/S/ DANIEL R. DOMÍNGUEZ

DANIEL R. DOMÍNGUEZ
U.S. District Judge